# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHAD SARNSTROM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 17-1003-JWL** |
| **NANCY A. BERRYHILL,**[1] ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

# MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Supplemental Security Income (SSI) benefits under sections 1602 and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 1381a and 1382c(a)(3)(A) (hereinafter the Act).  Finding the Administrative Law Judge (ALJ) erred in considering and explaining his evaluation of the medical opinions of the state agency psychologists, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

---

[1]On Jan. 20, 2017, Nancy A. Berryhill became Acting Commissioner of Social Security.  In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant.  In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

**I.     Background**

Plaintiff applied for SSI benefits, alleging disability beginning November 11, 1992. (R. 16, 157).  Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits.  He argues that the ALJ erred in his determination that drug addiction or alcoholism (hereinafter DAA) is a contributing factor material to the determination of Plaintiff's disability, and in failing to consider the "paragraph C" criteria of Listings 12.04 and 12.06[2] when determining whether, if Plaintiff stopped his substance use, his condition would meet or equal a listed impairment.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S.

---

[2]Plaintiff also suggests that the ALJ failed to consider the "paragraph C" criteria of Listing 12.08.  (Pl. Br. 23-24) (citing 20 C.F.R., Pt. 404, Subpt. P, App. 1 § 12.08(C)).  However, there simply is no paragraph C in Listing 12.08.  20 C.F.R., Pt. 404, Subpt. P, App. 1 § 12.00(A) ("There are additional functional criteria (paragraph C criteria) in 12.02, 12.03, 12.04, and 12.06.") see also 20 C.F.R., Pt. 404, Subpt. P, App. 1 § 12.08.

389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she

has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ erroneously evaluated the medical opinions of the state agency psychologists. Therefore, it need not consider whether it was reversible error to fail to consider the paragraph C criteria of Listings 12.04 and 12.06. Plaintiff may make his arguments in this regard on remand.

**II.     Discussion**

The ALJ determined that Plaintiff is disabled, but he found that there is in the record, medical evidence of DAA, and in accordance with 42 U.S.C. § 1382c(a)(3)(J) he determined that Plaintiff's DAA is a contributing factor material to the determination of disability and that Plaintiff is not disabled within the meaning of the Act.  (R. 16). Consequently, he denied Plaintiff's SSI application.  Id. at 30.

Plaintiff argues that the ALJ's materiality determination is not supported by substantial evidence because he erroneously relied on global assessment of functioning (GAF) scores, he erroneously relied on Plaintiff's functioning while in a highly structured treatment setting, and he improperly separated Plaintiff's functioning as a result of DAA from his functioning as a result of his co-occurring mental impairments.  (Pl. Br. 14-18). He argues that the ALJ mischaracterized the reports of the state agency psychologists when he relied upon those reports in support of the functional limitations he assessed would be remaining if Plaintiff stopped using drugs and alcohol.  Id. at 19.  Finally, he argues that the ALJ erred in weighing the "other" medical source opinions of Ms. Duston, Plaintiff's social worker, and Ms. Franklin, Plaintiff's nurse practitioner.  Id. at 19-21.

The Commissioner argues that the ALJ's materiality determination was a reasonable understanding of the record evidence, that the evidence was conflicting and the ALJ correctly performed his duty to resolve the conflicts.  (Comm'r Br. 3-4).  She argues that GAF scores are properly considered as one factor in assessing a claimant's functioning and that the ALJ appropriately considered Plaintiff's functioning during periods of abstinence from drug or alcohol use, specifically considering the context of

those periods. (Comm'r Br. 4-6). She argues that the record evidence demonstrates, contrary to Plaintiff's argument, that the state agency psychologists' reports were actually based on periods when Plaintiff abstained from drugs and alcohol. Id. at 6-7. Finally, she argues that the ALJ properly evaluated the opinions of Ms. Franklin and Ms. Duston. Id. at 7-8.

The court notes that the ALJ's explanation and application of the legal standard applicable to a disability case involving the issue of DAA is one of the best the court has seen in many years reviewing Social Security disability cases. (R. 18-27). Nevertheless, the ALJ missed a significant fact regarding the state agency psychologists' evaluation of the medical evidence in this case, and consequently did not recognize that his step three assessment, when considering DAA, conflicts with the state agency psychologists' medical opinions, did not explain why he did not adopt their opinions, and did not resolve the resulting ambiguity or material inconsistency as required by Soc. Sec. Ruling (SSR) 96-8p. West's Soc. Sec. Reporting Serv., Rulings 149-50 (Supp. 2017).

### A.     The ALJ's Findings

As relevant to the court's determination in this case, the ALJ found, when considering the evidence of DAA, that Plaintiff's "impairments, including his polysubstance abuse impairment, meet [Listings] 12.04, 12.06, 12.08[,] and 12.09." (R. 19) (finding no. 3) (bolding omitted). He based this determination on his findings that Plaintiff has "marked difficulties" in both social functioning and concentration,

persistence, or pace. Id. He summarized the record evidence upon which he based his step three finding, from August 15, 2011 through September 4, 2015. (R. 20-25).

Reapplying the sequential evaluation process based on the conditions he found if Plaintiff stopped drug and alcohol use, the ALJ found that Plaintiff would still have a severe impairment or combination of impairments, but that he would have only moderate difficulties in social functioning, or in concentration, persistence, or pace and would not meet or medically equal any listed impairment. (R. 25). He explained that his findings in this regard were based on Plaintiff's GAF scores in prison and his prison medical records "since they are the only records available for periods when the claimant was not abusing drugs and alcohol." Id. He stated that he accorded "substantial weight to the opinions of the State [sic] agency psychological consultants, Dr. Duclos, and Dr. Wilkinson on this issue" because they included specific findings and appropriate rationale, and cited specific evidence to support their opinions. Id. at 25-26. The ALJ found that if he stopped using drugs and alcohol Plaintiff would have the RFC for work at all exertional levels restricted by certain nonexertional limitations. (R. 26). As part of the ALJ's RFC assessment, he provided a more in depth evaluation of the medical opinions of Dr. Duclos and Dr. Wilkinson:

> I have considered the opinions of the State agency psychological consultants, Dr. Duclos and Dr. Wilkinson, regarding the claimant's mental functional capabilities and limitations (Exhibits 2A, pp. 7-9; 4A, pp. 8-9). Dr. Duclos and Dr. Wilkinson both opined that the claimant could remember simple to intermediate instructions, would have difficulties with maintaining concentration but could follow a routine without special supervision, would be moderately limited in getting along with supervisors

and coworkers, and would work best in jobs requiring infrequent social interactions with the general public, coworkers, or supervisors. I give great weight to these opinions because they are supported by the medical evidence in the record pertaining [to] the claimant's periods of abstinence from drugs and alcohol.

(R. 27).

### B.   Analysis

Despite his assertions, variously, that he accorded "substantial weight" (R. 25) or "great weight" (R. 27) to the opinions of Drs. Duclos and Wilkinson, both the ALJ's step two finding that Plaintiff has a severe polysubstance abuse impairment (R. 18), and his step three finding that Plaintiff's impairments meet a listing (R. 19) are in direct conflict with the psychologists' opinions. The psychologists assessed Plaintiff with severe impairments of affective disorders, anxiety disorders, and personality disorders, but they did not find any substance abuse impairment. (R. 62, 74). Moreover, although they noted evidence that Plaintiff "[c]ompleted substance abuse program" and exhibited "thc [tetrahydrocanabinol (drug contained in marijuana)] dependence" and "etoh [alcohol] dependence" (R. 63, 75), they specifically found "no evidence of any substance abuse disorder/DAA use." (R. 67, 80) (signed by the respective psychologist at R. 68, 80).

As noted above, SSR 96-8p includes a narrative discussion requirement that the ALJ must include an explanation how any ambiguities and material inconsistencies in the evidence were considered and resolved, and if the ALJ's RFC assessment conflicts with a medical source opinion, the ALJ must explain why he did not adopt the opinion. West's Soc. Sec. Reporting Serv., Rulings 149-50 (Supp. 2017). The ALJ did not acknowledge

that the psychologists' opinions were contrary to his finding and he did not explain why he did not adopt the opinions, but rather appeared to assert that their opinions supported his findings. Remand is necessary for the Commissioner to resolve this ambiguity.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 6th day of December 2017, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**